UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY RICHARD IVEY, JR.,                    Case No.

     Plaintiffs.

vs.

BREVARD COUNTY SHERIFF'S
OFFICE, WEST MELBOURNE
POLICE DEPARTMENT, and the
CITY OF MELBOURNE,

     Defendants.
_____/

### CITY OF WEST MELBOURNE'S NOTICE OF REMOVAL

COMES NOW, Defendant CITY OF WEST MELBOURNE (incorrectly named as the "West Melbourne Police Department"), by and through its undersigned counsel, with the consent of Codefendants WAYNE IVEY, in his official capacity as Sheriff of Brevard County, Florida (incorrectly named as the "Brevard County Sheriff's Office") ("WAYNE IVEY") and CITY OF MELBOURNE, and hereby gives notice of removal to federal court on the grounds of federal question subject matter jurisdiction.

### I. Background.

Although short on specific facts, the Complaint generally alleges that Plaintiff ANTHONY RICHARD IVEY, JR. ("Mr. Ivey") was the subject of

unconstitutionally excessive force pursuant to an arrest.  The Complaint does not expressly allege that the arrest itself was unlawful, but it does allege that the "assault and excessive use of force was without probable cause and in violation of state and federal law."  (Compl. ¶ 9.)   Non-party Ofc. William Hicks is the only law enforcement officer identified by name, and he was allegedly employed by the City of West Melbourne.  (Compl. ¶ 5.)  The Complaint continues that there were "other [City of West Melbourne] law enforcement officers on the scene" that were alternatively "operating with the supervision and/or participation of the [WAYNE IVEY] and the City of Melbourne."  (Compl. ¶ 5.)

Mr. Ivey alleges that he was injured during the incident in a single count generally stated against the three governmental defendants.  In Count II, Mr. Ivey's wife, CHEVONDA IVEY ("Mrs. Ivey"), alleges a derivative cause of action for loss of consortium.  (Compl. pp. 4-5.)

The Complaint was filed on January 30, 2020, in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida.  Mr. Ivey expressly identifies §§ 768.2 [sic] and 30.07 of the Florida Statutes and 42 U.S.C. § 1983 as the bases for relief.  A copy of the entire Florida Circuit Court file is attached as composite Exhibit 1.

## II.    Removal generally.

Removal of cases from state court to federal courts is governed in part by 28 U.S.C. § 1441, which states in pertinent part as follows:

> Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Given that this action is one over which the United States District Court for the Middle District of Florida would have original jurisdiction, this case may be properly removed pursuant to 28 U.S.C. § 1446(a), providing:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

The City of West Melbourne has filed a Notice of Removal which complies with § 1446(a) in that it sets forth a short and plain statement demonstrating that the grounds for removal and states the basis for this Court's original jurisdiction over the action as shown below.  Additionally, the City of West Melbourne has complied with the statute's requirement to attach copies of all process, pleadings, orders, or other papers that have been filed in the state-court action.

## III.    Federal Jurisdiction.

28 U.S.C. § 1331, titled "Federal question," establishes that "The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   Section 1343 separately establishes:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> …
>
>> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;
>>
>> (4) To recover damages or to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

Plaintiffs have expressly cited § 1983 as a basis for relief.  It is clear that Mr. Ivey's allegedly violated rights were secured at least in part by the Fourth Amendment's protection from unreasonable searches and seizures.   Further, Plaintiffs claim that the City of West Melbourne and the City of Melbourne "failed to adequately train" Ofc. Hicks, who was operating "under color of" Florida law (Compl. ¶¶ 10-11), ostensibly alleging a municipal § 1983 cause of action.  *See generally City of Canton v. Harris*, 489 U.S. 378, 385-87 (1989), and *Monell v. Dep't*

*of Soc. Servs.*, 436 U.S. 658 (1978).  The jurisdictional requirements of both §§ 1331 and 1343 are therefore satisfied.

To the extent that either Mr. or Mrs. Ivey have alleged state law claims, the Court enjoys supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367 because the claims "are so related to claims in the action within [the federal court's] original jurisdiction that they form part of the same case or controversy."  *See also Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (recognizing that § 1367 contemplates state law claims "aris[ing] out of a common nucleus of operative facts" as the federal claims).  This includes Mrs. Ivey's loss of consortium claim.  *McCray v. Holt*, 777 F. Supp. 945, 947-78 (S.D. Fla. 1991) (denying motion to dismiss for lack of jurisdiction because "the loss of consortium claim undeniably arises form a common nucleus of operative fact" as the underlying § 1983 claim").

The district court has subject matter jurisdiction over the entire action.

## IV.    Venue.

28 U.S.C. § 1441(a) provides that a defendant may remove a case "to the district court of the United States for the district and division embracing the place where such action is pending."  Plaintiff filed this case in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.  The Middle District of Florida, Orlando Division, includes Brevard County.  *See* 28 U.S.C. § 89(b); M.D.

Fla. Local R. 1.02(b)(3).  Additionally, Plaintiffs allege that "the events and actions set forth [in the Complaint] occurred within the territorial boundaries of Brevard County."  (Compl. ¶ 3); *see* 28 U.S.C. § 1391(b)(2).  Venue is accordingly proper.

### V.    Timeliness of removal.

28 U.S.C. § 1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty days after receipt by defendant(s), through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  The Complaint was filed on January 30; this removal is therefore unquestionably timely.

### VI.    Unanimous consent to removal.

28 U.S.C. § 1446(b)(2)(A) provides that "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  As demonstrated through Exhibits 2 & 3, Codefendants WAYNE IVEY and the City of Melbourne expressly consent to the City of West Melbourne's removal herein.

WHEREFORE, Defendant CITY OF WEST MELBOURNE hereby gives notice of its removal of this entire action to the United States District Court for the Middle District of Florida.

Respectfully submitted,

*/s Derek J. Angell*
DEREK J. ANGELL, ESQ.

Fla. Bar No. 73449
dangell@bellroperlaw.com
secondary: ndeeb@bellroperlaw.com
BELL & ROPER, P.A.
2707 E Jefferson St
Orlando, Florida 32803
(407) 897-5150 Telephone
(407) 897-3332 Facsimile
*Attorneys for City of West Melbourne*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF system on this 19th day of February, 2020, to:  J. Alfred Stanley, Jr., Esq., Meyers and Stanley, 1904 University Boulevard West, Jacksonville, FL 32217,  astanley@astanleylaw.com.

*/s Derek J. Angell*
DEREK J. ANGELL, ESQ.
Fla. Bar No. 73449
dangell@bellroperlaw.com
secondary: ndeeb@bellroperlaw.com
BELL & ROPER, P.A.
2707 E Jefferson St
Orlando, Florida 32803
(407) 897-5150 Telephone
(407) 897-3332 Facsimile
*Attorneys for City of West Melbourne*