## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ANTHONY RICHARD IVEY, JR.,
and CHEVONDA IVEY, his wife,

      Plaintiffs,

vs.                                      CASE NO.: 6:20-cv-00287-RBD-LRH

CITY OF WEST MELBOURNE, a
political subdivision of the State of
Florida, WAYNE IVEY, in his
official capacity as Sheriff of
Brevard County, WILLIAM HICKS,
Individually, and JOSEPH LAROSA,
Individually,

      Defendants.

_____/

### AMENDED COMPLAINT

Plaintiffs, ANTHONY RICHARD IVEY, JR., and CHEVONDA IVEY, his wife, by and through the undersigned counsel, hereby file this amended complaint against the CITY OF WEST MELBOURNE, (hereinafter "CWM"), WAYNE IVEY, in his official capacity as Sheriff of Brevard County, (hereinafter "Sheriff Ivey"), WILLIAM HICKS, Individually, and JOSEPH LAROSA, Individually, and allege:

### PARTIES, JURISDICTION, AND COMMON FACTUAL ALLEGATIONS

1.     This is an action for damages which exceed $75,000.00, exclusive of costs, interest, attorneys' fees, and also presents legal issues cognizable under federal law.

2.     This action is brought pursuant to §768.2 and §30.07 of the Florida Statutes, and pursuant to provisions of the Federal Civil Rights Act, 42 U.S.C. §1983 and 42 U.S.C. §1988. Notice of the losses and injuries described in the Amended Complaint were provided to defendants, CWM

and Sheriff Ivey.  Said notice were also forwarded to the Florida Department of Financial Services. A copy of the letters forwarded to the defendants are attached hereto and incorporated herein as plaintiffs' "Composite Exhibit A".

3.      At all times material hereto, plaintiffs, ANTHONY RICHARD IVEY, JR., and CHEVONDA IVEY, his wife, were residents of Jacksonville, Duval County, Florida.  At all times material hereto, the events/actions described and set forth herein occurred within the territorial boundaries of Brevard County, Florida.

4.      At all times material hereto, defendant, CWM, was and is a governmental entity and/or political subdivision within the State of Florida, and was charged with the responsibility of administering and overseeing the City of West Melbourne Police Department located in Brevard County, Florida.

5.      At all times material hereto, defendant, "Sheriff Ivey" functioned as, was, and is a governmental entity and/or political subdivision within the State of Florida, and was charged with the responsibility of administering and overseeing the actions/activities of the Brevard County Sheriff's Office.

6.      At all times material hereto, William Hicks, (hereinafter "Officer Hicks"), was and is a citizen of the State of Florida residing in Brevard County, is over 18 years of age, is *sui juris*, and was acting under color of law by virtue of his employment with the West Melbourne Police Department, and at all times acted in the course and scope of said employment in accordance with and pursuant to official regulations, policies, and customs of the West Melbourne Police Department.

7.      At all times material hereto, Joseph LaRosa, (hereinafter "Officer LaRosa"), was and is a citizen of the State of Florida residing in Brevard County, is over 18 years of age, is *sui juris*, and was acting under color of law by virtue of his employment with the West Melbourne Police

Department, and at all times acted in the course and scope of said employment in accordance with and pursuant to official regulations, policies, and customs of the West Melbourne Police Department.

8.    On or about October 1, 2017, at approximately 8:41 p.m., plaintiff, Anthony Richard Ivey, Jr., was observed by witnesses walking along I-95 near exit 176. Unknown/unnamed witnesses alerted law enforcement as to Mr. Ivey's presence vis-à-vis "911". Plaintiff's movements were initially considered "suspicious" by law enforcement personnel. Mr. Ivey was unarmed, presented no threat to the law enforcement officers at the scene, and appeared generally disoriented prior to being aggressively confronted and assaulted by law enforcement officers.

9.    Notwithstanding Mr. Ivey's disoriented and non-threatening behavior, plaintiff was aggressively and improperly confronted, beaten, tased, attacked by the K-9 unit/dogs, and endured multiple assaults/batteries at the hands of Officers Hicks, LaRosa, and other unknown, on-scene law enforcement officials. Plaintiff did nothing to incite these excessive hostilities.

10.    Mr. Ivey sustained multiple injuries/traumas due to the numerous actions and failures on the part of the named defendants, including but not limited to, improper training, improper search, improper use of police power, improper deployment of the K-9 unit/dog, the failure to properly train and supervise officers in the appropriate use of force, and otherwise endorsing and employing overzealous and excessive use/abuse of police authority and force under the presenting circumstances. Said law enforcement personnel acted in accordance with prevailing policies and customs of CWM and Sheriff Ivey.

11.    While detaining plaintiff, Richard Anthony Ivey, Jr., Officers Hicks and LaRosa, and other participating law enforcement officers used physical force that was clearly excessive in light of the existing and presenting circumstances. Said excessive force employed by Officers Hick, LaRosa, and other participating law enforcement officers caused unnecessary harm upon plaintiff, Anthony

Richard Ivey, Jr., and such use of force caused physical and mental injuries to plaintiff. Said use of excessive force was utilized as described herein due to CWM and Sheriff Ivey's failures to properly train law enforcement officers or otherwise promoted, endorsed, and/or tolerated policies, procedures, or customs violating plaintiff's constitutional rights.

12.     At the time of the subject assault, Officers Hicks, LaRosa, and other participating law enforcement officers were acting in their official capacities as law enforcement officers, were wearing police uniforms, and their actions were performed under the color of the statutes, codes, and ordinances of the City, County, and State of Florida. Officers Hicks, LaRosa, and other participating law enforcement officers were servants, agents or employees of the West Melbourne Police Department and/or Brevard County Sheriff's Department and their actions are imputed to defendants CWM and Sheriff Ivey.

13.     Moreover, defendants CWM and Sheriff Ivey failed to adequately supervise and control Officers Hicks, LaRosa, and other law enforcement officers, and gave defacto encouragement to the improper actions set forth herein.

14.     The actions and omissions of defendants set forth herein was in violation of Anthony Ivey's constitutional rights under applicable State and Federal law. This Court has concurrent subject matter jurisdiction over claims brought pursuant to 42 U.S.C. §1983.

## COUNT I: §1983 FAILURE TO PROPERLY TRAIN LAW ENFORCEMENT OFFFICERS (CITY OF WEST MELBOURNE)

15.     Plaintiff, Anthony Richard Ivey, Jr., adopts and realleges the allegations contained in paragraphs 1 through 14, and incorporates same herein by reference.

16.     This cause of action is brought by Richard Anthony Ivey, Jr., against the CWM, which is a municipal body. Municipal bodies are liable for the constitutional violations under 42

U.S.C. §1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting and tantamount to a deliberate indifference to an individual's constitutional rights.

17.     At all times relevant hereto, defendant, CWM, had a duty to properly train, supervise, and discipline their employees and agents.

18.     Defendant breached that duty, in part, by:  (a) improperly training, authorizing, encouraging or directing officers on proper use of force; (b) failing to investigate allegations of excessive force by its employees/law enforcement officers; (c) failing to properly supervise and discipline officers for violations of policy related to excessive force; and (d) practicing official policies and customs that violate individual's constitutional rights  .

19.     The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of the individual defendants named herein and the defendant entities' failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounted to a deliberate indifference to plaintiff's constitutional rights.

20.     This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violated the constitutional rights of persons situated such as the Plaintiff.

21.     Defendants failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the City of West Melbourne and the West Melbourne Police Department.

22.     The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by plaintiff.

23.     As a direct and proximate result of the events described above, plaintiff, Anthony Richard Ivey, Jr., has sustained physical injury to his body and extremities, resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, disability, scarring, disfigurement, expense of medical care and hospitalization, lost earnings, loss of earning capacity in the future, aggravation of previously existing conditions, and other damages permitted under 42 U.S.C. §1988 and §768.2, Florida Statutes.

**WHEREFORE**, plaintiff, Richard Ivey, Jr., demands judgment for compensatory damages, plus costs and attorney fees pursuant to 42 U.S.C. §1988, against defendant, and demands trial by jury of all issues contained herein.

## COUNT II – CONSORTIUM
## (CITY OF WEST MELBOURNE)

Plaintiff, Chevonda Ivey, sues Defendant, City of West Melbourne, and alleges as follows:

24.     Plaintiff, Chevonda Ivey, adopts and realleges the allegations contained in paragraphs 1 through 23, and incorporates same herein by reference.

25.     At all times material hereto, Plaintiff, Chevonda Ivey, was and remains the legal wife of Plaintiff, Anthony Richard Ivey, and at all times material hereto resided with him as a member of his household.

26.     As a proximate result of the aforementioned actions, omissions, and failures of defendant, Plaintiff, Chevonda Ivey, has sustained the loss of her husband's consortium, companionship, society and services.  These losses are continuing or permanent in nature and Plaintiff, Chevonda Ivey, will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, Chevonda Ivey, demands judgment for compensatory damages plus costs and attorney's fees pursuant to 42 U.S.C. §1988, against Defendant, and demands trial by jury of all issues contained herein.

## COUNT III:  §1983 FAILURE TO PROPERLY
## TRAIN LAW ENFORCEMENT OFFFICERS
## (SHERIFF IVEY)

27.     Plaintiff, Anthony Richard Ivey, Jr., adopts and reallages the allegations contained in paragraphs 1 through 14, and incorporates same herein by reference.

28.     This cause of action is brought by Richard Anthony Ivey, Jr., against the Sheriff Ivey, which is a municipal body.  Municipal bodies are liable for the constitutional violations under 42 U.S.C. §1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution.  Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting and tantamount to a deliberate indifference to an individual's constitutional rights.

29.     At all times relevant hereto, defendant, Sheriff Ivey, had a duty to properly train, supervise, and discipline their employees and agents.  Upon information and belief, law enforcement officers/sheriff's deputies were dispatched to the subject incident  involving plaintiff, actively participated in the improper confrontation, assault, battery, restraint, and other previously described excessive force exercised in furtherance of the official policies and customs of Sheriff Ivey.

30.     Defendant breached that duty, in part, by:  (a) improperly training, authorizing, encouraging or directing officers on proper use of force; (b) failing to investigate allegations of excessive force by its employees/law enforcement officers; (c) failing to properly supervise and discipline officers for violations of policy related to excessive force; and (d) practicing official policies and customs that violate individual's constitutional rights  .

31.     The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of the individual defendants named herein and the defendant entities' failure to train, supervise, investigate, and discipline any of the officers involved in this

incident amounted to a deliberate indifference to plaintiff's constitutional rights.

32.     This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violated the constitutional rights of persons situated such as the plaintiff.

33.     Defendant failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the Brevard Sheriff's Office.

34.     The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by plaintiff.

35.     As a direct and proximate result of the events described above, plaintiff, Anthony Richard Ivey, Jr., has sustained physical injury to his body and extremities, resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, disability, scarring, disfigurement, expense of medical care and hospitalization, lost earnings, loss of earning capacity in the future, aggravation previously existing conditions, and other damages permitted under 42 U.S.C. §1988 and §768.2, Florida Statutes.

**WHEREFORE**, plaintiff, Richard Ivey, Jr., demands judgment for compensatory damages, plus costs and attorney fees pursuant to 42 U.S.C. §1988 against defendants, and demands trial by jury of all issues contained herein.

**COUNT IV – CONSORTIUM**
**(SHERIF IVEY)**

Plaintiff, Chevonda Ivey, sues Defendant, Sheriff Ivey, and alleges as follows:

36.     Plaintiff, Chevonda Ivey, adopts and realleges the allegations contained in paragraphs 1 through 14, and 27 through 35, and incorporates same herein by reference.

37.     At all times material hereto, plaintiff, Chevonda Ivey, was and remains the legal wife of Plaintiff, Anthony Richard Ivey, and at all times material hereto resided with him as a member of his household.

38.     As a proximate result of the aforementioned actions, omissions, and failures of defendant, plaintiff, Chevonda Ivey, has sustained the loss of her husband's consortium, companionship, society and services.  These losses are continuing or permanent in nature and Plaintiff, Chevonda Ivey, will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff, Chevonda Ivey, demands judgment for compensatory damages plus costs and attorney fees pursuant to 42 U.S.C. §1988 against defendant, and demands trial by jury of all issues contained herein

## COUNT V – VIOLATION OF FOURTH AMENDMENT OF THE UNITED STATES CONSTITION – EXCESSIVE FORCE – 42 U.S.C. § 1983 (OFFICER HICKS)

39.     Plaintiff, Anthony Richard Ivey, Jr., realleges the allegations contained in paragraphs 1 through 14 and incorporates same herein by reference.

40.     This cause of action is brought by plaintiff, Anthony Richard Ivey, Jr., against defendant, Officer Hicks, for the excessive use of force under color of law that deprived the plaintiff of his rights under the Fourth Amendment to the United States Constitution.

41.     Without legal cause or justification defendant, Officer Hicks, used excessive physical force against plaintiff, which included but was not limited to, improperly tasing, striking, assaulting, battering, and restraining the plaintiff and/or failed to stop others from perpetrating same conduct upon plaintiff that was excessive, unnecessary, and unreasonable in violation of the Fourth Amendment to the United States Constitution.  This defendant, acting in concert with the other named defendants, utilized excessive, unnecessary, and unreasonable force in violation of the Fourth Amendment to the United States Constitution causing injury to plaintiff.

42.     As a direct and proximate result of the events described above, plaintiff, Anthony Richard Ivey, Jr., has sustained physical injury to his body and extremities, resulting pain and

suffering, mental anguish, loss of capacity for the enjoyment of life, disability, scarring, disfigurement, expense of medical care and hospitalization, lost earnings, loss of earning capacity in the future, and aggravation of a previously existing condition.

**WHEREFORE**, plaintiff, Richard Ivey, Jr. demands judgment for compensatory damages, plus costs and attorney's fees, pursuant to 42 U.S.C. §1988, and demands trial by jury of all issues contained herein.

**COUNT VI – CONSORTIUM**
**(OFFICCER HICKS)**

Plaintiff, Chevonda Ivey, sues Defendant, Sheriff Ivey, and alleges as follows:

43.     Plaintiff, Chevonda Ivey, adopts and realleges the allegations contained in paragraphs 1 through 14, and 39 through 42, and incorporates same herein by reference.

44.     At all times material hereto, plaintiff, Chevonda Ivey, was and remains the legal wife of Plaintiff, Anthony Richard Ivey, and at all times material hereto resided with him as a member of his household.

45.     As a proximate result of the aforementioned actions, omissions, and failures of defendant, plaintiff, Chevonda Ivey, has sustained the loss of her husband's consortium, companionship, society and services.  These losses are continuing or permanent in nature and Plaintiff, Chevonda Ivey, will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff, Chevonda Ivey, demands judgment for compensatory damages plus costs and attorney's fees pursuant to 42 U.S.C. §1988 against defendant, and demands trial by jury of all issues contained herein

**COUNT VII – VIOLATION OF FOURTH AMENDMENT OF THE UNITED STATES**
**CONSTITION – EXCESSIVE FORCE – 42 U.S.C. § 1983**
**(OFFICER LAROSA)**

46.     Plaintiff, Anthony Richard Ivey, Jr., realleges the allegations contained in paragraphs 1 through 14 and incorporates same herein by reference.

47.     This cause of action is brought by plaintiff, Anthony Richard Ivey, Jr., against defendant, Officer LaRosa, for the excessive use of force under color of law that deprived the plaintiff of his rights under the Fourth Amendment to the United States Constitution.

48.     Without legal cause or justification defendant, Officer LaRosa, used excessive physical force against plaintiff, which included but was not limited to, improperly commanding and directing the K-9 unit/dogs to attack plaintiff, improperly tasing, striking, assaulting, battering, and restraining the plaintiff and/or failed to stop others from perpetrating said conduct upon plaintiff that was excessive, unnecessary, and unreasonable in violation of the Fourth Amendment to the United States Constitution.  This defendant, acting in concert with the other named defendants, utilized excessive, unnecessary, and unreasonable force in violation of the Fourth Amendment to the United States Constitution causing injury to plaintiff.

49.     As a direct and proximate result of the events described above, plaintiff, Anthony Richard Ivey, Jr., has sustained physical injury to his body and extremities, resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, disability, scarring, disfigurement, expense of medical care and hospitalization, lost earnings, loss of earning capacity in the future, and aggravation of a previously existing condition.

**WHEREFORE**, plaintiff, Richard Ivey, Jr. demands judgment for compensatory damages, plus costs and attorney fees, pursuant to 42 U.S.C. §1988, and demands trial by jury of all issues contained herein.

## COUNT VII – CONSORTIUM
### (OFFICER LAROSA)

Plaintiff, Chevonda Ivey, sues Defendant, Sheriff Ivey, and alleges as follows:

50.     Plaintiff, Chevonda Ivey, adopts and realleges the allegations contained in paragraphs 1 through 14, and 46 through 49, and incorporates same herein by reference.

51.     At all times material hereto, plaintiff, Chevonda Ivey, was and remains the legal wife

of plaintiff, Anthony Richard Ivey, and at all times material hereto resided with him as a member of his household.

52.     As a proximate result of the aforementioned actions, omissions, and failures of defendant, plaintiff, Chevonda Ivey, has sustained the loss of her husband's consortium, companionship, society and services. These losses are continuing or permanent in nature and Plaintiff, Chevonda Ivey, will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff, Chevonda Ivey, demands judgment for compensatory damages plus costs and attorney fees pursuant to 42 U.S.C. §1988 against defendant, and demands trial by jury of all issues contained herein.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

**MEYERS & STANLEY**

**/s/ J. ALFRED STANLEY, JR.**

**J. Alfred Stanley, Jr.**
Florida Bar No.: 0808024
1904 University Blvd., West
Jacksonville, Florida 32217
(904) 367-8747
(904) 367-0650 Facsimile
Attorneys for Plaintiff
Astanley@Astanleylaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to attorneys for defendants via the e-filing portal, this 9th day of April, 2020.

**MEYERS & STANLEY**

/s/ J. ALFRED STANLEY, JR.

J. Alfred Stanley, Jr.
Florida Bar No.: 0808024
1904 University Blvd., West
Jacksonville, Florida 32217
(904) 367-8747
(904) 367-0650 Facsimile
Attorneys for Plaintiff
Astanley@Astanleylaw.com