UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY RICHARD IVEY, JR.,
and CHEVONDA IVEY, his wife,

    Plaintiffs,

vs.

CASE NO.: 6:20-cv-00287-RBD-LRH

CITY OF WEST MELBOURNE, a
political subdivision of the State of
Florida, WILLIAM HICKS, Individually,
and JOSEPH LAROSA, Individually,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiffs, ANTHONY RICHARD IVEY, JR., and CHEVONDA IVEY, his wife, by and through the undersigned counsel, hereby file this amended complaint against the CITY OF WEST MELBOURNE, (hereinafter "CWM"), WILLIAM HICKS, Individually, and JOSEPH LAROSA, Individually, and allege:

### PARTIES, JURISDICTION, AND COMMON FACTUAL ALLEGATIONS

1. This is an action for damages which exceed $75,000.00, exclusive of costs, interest, attorneys' fees, and also presents legal issues cognizable under federal law.

2. This action is brought pursuant to §768.2 and §30.07 of the Florida Statutes, and pursuant to provisions of the Federal Civil Rights Act, 42 U.S.C. §1983 and 42 U.S.C. §1988. Notice of the losses and injuries described in the Second Amended Complaint were provided to defendant CWM. Said notice were also forwarded to the Florida Department of Financial Services. A copy of the letters forwarded to the defendants are attached hereto and incorporated herein as plaintiffs' "Composite Exhibit A".

1

3. At all times material hereto, plaintiffs, ANTHONY RICHARD IVEY, JR., and CHEVONDA IVEY, his wife, were residents of Jacksonville, Duval County, Florida. At all times material hereto, the events/actions described and set forth herein occurred within the territorial boundaries of Brevard County, Florida.

4. At all times material hereto, defendant, CWM, was and is a governmental entity and/or political subdivision within the State of Florida, and was charged with the responsibility of administering and overseeing the City of West Melbourne Police Department located in Brevard County, Florida.

5. At all times material hereto, Defendant CWM is responsible under state law for the acts and omissions of its law enforcement officers (including but not limited to Defendant William Hicks and Defendant Joseph LaRosa) in its employ, and was responsible for insuring that the law enforcement officers (including but not limited Defendant William Hicks and Defendant Joseph LaRosa) as well as other employees, servants, and agents obeyed the laws, regulations, policies, practices, and procedures of the City of West Melbourne, the state of Florida, and the United States of America. Such responsibility under state common laws alleged to exist under the doctrine of respondeat superior.

6. At all times material hereto, the actions of William Hicks, Joseph LaRosa, and other employees of CWM were committed within the performance of their duties and responsibilities for the City of West Melbourne as duly appointed law enforcement officers of the City of West Melbourne.

7. At all times material hereto, William Hicks, (hereinafter "Officer Hicks"), was and is a citizen of the State of Florida residing in Brevard County, is over 18 years of age, is *sui juris*, and was acting under color of law by virtue of his employment with the West Melbourne Police

Department, and at all times acted in the course and scope of said employment (as duly employed or appointed as a law enforcement officer) in accordance with and pursuant to official regulations, policies, and customs of the West Melbourne Police Department.

8. At all times material hereto, Joseph LaRosa, (hereinafter "Officer LaRosa"), was and is a citizen of the State of Florida residing in Brevard County, is over 18 years of age, is *sui juris*, and was acting under color of law by virtue of his employment with the West Melbourne Police Department, and at all times acted in the course and scope of said employment (as duly employed or appointed as a law enforcement officer) in accordance with and pursuant to official regulations, policies, and customs of the West Melbourne Police Department.

9. On or about October 1, 2017, at approximately 8:41 p.m., Plaintiff, Anthony Richard Ivey, Jr., was observed by witnesses walking along I-95 near exit 176. Unknown/unnamed witnesses alerted law enforcement as to Mr. Ivey's presence vis-à-vis "911". Plaintiff's movements were initially considered "suspicious" by law enforcement personnel. Mr. Ivey was unarmed, presented no threat to the law enforcement officers at the scene, and appeared generally disoriented prior to being aggressively confronted and assaulted by law enforcement officers.

10. Notwithstanding Mr. Ivey's disoriented and non-threatening behavior, Plaintiff was aggressively and improperly confronted, beaten, tased, attacked by the K-9 unit/dogs, and endured multiple assaults/batteries at the hands of Officers Hicks, LaRosa, and other unknown, on-scene law enforcement officials. Plaintiff did nothing to incite these excessive hostilities.

11. Mr. Ivey sustained multiple injuries/traumas due to the numerous actions and failures on the part of the named defendants, including but not limited to, improper training, improper search, improper use of police power, improper deployment of the K-9 unit/dog, the failure to properly train and supervise officers in the appropriate use of force, and otherwise endorsing and employing

overzealous and excessive use/abuse of police authority and force under the presenting circumstances. Said law enforcement personnel acted in accordance with prevailing policies and customs of CWM.

12. While detaining Plaintiff, Richard Anthony Ivey, Jr., Officers Hicks and LaRosa, and other participating law enforcement officers used physical force that was clearly excessive in light of the existing and presenting circumstances. Said excessive force employed by Officers Hick, LaRosa, and other participating law enforcement officers caused unnecessary harm upon Plaintiff, Anthony Richard Ivey, Jr., and such use of force caused physical and mental injuries to Plaintiff. Said use of excessive force was utilized as described herein due to CWM's failure to properly train law enforcement officers or otherwise promoted, endorsed, and/or tolerated policies, procedures, or customs violating Plaintiff's constitutional rights.

13. At the time of the subject assault, Officers Hicks, LaRosa, and other participating law enforcement officers were acting in their official capacities as law enforcement officers, were wearing police uniforms, and their actions were performed under the color of the statutes, codes, and ordinances of the City, County, and State of Florida. Officers Hicks, LaRosa, and other participating law enforcement officers were servants, agents or employees of the West Melbourne Police Department and their actions are imputed to defendant CWM.

14. Moreover, Defendant CWM failed to adequately supervise and control Officers Hicks, LaRosa, and other law enforcement officers, and gave defacto encouragement to the improper actions set forth herein.

15. The actions and omissions of defendants set forth herein was in violation of Anthony Richard Ivey, Jr.'s constitutional rights under applicable State and Federal law. This Court has concurrent subject matter jurisdiction over claims brought pursuant to 42 U.S.C. §1983.

### COUNT I: §1983 FAILURE TO PROPERLY TRAIN LAW ENFORCEMENT OFFFICERS (CITY OF WEST MELBOURNE)

16. Plaintiff, Anthony Richard Ivey, Jr., adopts and reallages the allegations contained in paragraphs 1 through 15, and incorporates same herein by reference.

17. This cause of action is brought by Richard Anthony Ivey, Jr., against the CWM, which is a municipal body. Municipal bodies are liable for the constitutional violations under 42 U.S.C. §1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. Such municipal liability exists where a city fails to properly train, supervise, and discipline its employees amounting and tantamount to a deliberate indifference to an individual's constitutional rights.

18. At all times relevant hereto, Defendant, CWM, had a duty to properly train, supervise, and discipline their employees and agents. These duties arise by operation of law and through prior citizen complaints to CWM regarding constitutional violations committed by their law enforcement officers.

19. Defendant CWM's aforesaid duty to properly train, supervise, and discipline their employees and agents had been previously breached as evidenced by its knowledge and defense of lawsuits that previously pended in this very jurisdiction (the United States District Court Middle District of Florida, Orlando Division). Examples of these previous filings include, but are not limited to, legal actions filed by Timothy Sweeney, Dianne Levesque, and Michael A. Cianelli, wherein violation of 42 U.S.C. §1983 were brought against Defendant CWM due to the similar violations of the Plaintiffs' constitutional civil rights based upon the conduct of the employees/law enforcement officers of Defendant CWM. The aforesaid cases are not exhaustive as to citizen complaints, and based upon information and belief, other similar §1983 violations have been presented against

Defendant CWM. However, the aforesaid civil actions which pended in this very jurisdiction certainly put the Defendant on notice as to other incidents of law enforcement related constitutional violations and the resulting need for ongoing training and supervision with regard to the appropriate use of force by its employees and agents. The aforesaid cited examples/cases connote and indicate a failure to continue to train/supervise its law enforcement officers, after CWM had been put on notice of the need to train. Additionally, these cases, in conjunction with other citizen complaints, constitute not only prior notice, but also a pattern of similar constitutional violations by untrained employees of Defendant CWM, with whom the general public would interact.

20. Defendant breached that duty, in part, by: (a) improperly training, authorizing, encouraging or directing officers on proper use of force; (b) failing to investigate allegations of excessive force by its employees/law enforcement officers; (c) failing to properly supervise and discipline officers for violations of policy related to excessive force; and (d) practicing official policies and customs that violate individual's constitutional rights .

21. The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of the individual defendants named herein and the defendant entities' failure to train, supervise, investigate, and discipline any of the officers involved in this incident amounted to a deliberate indifference to plaintiff's constitutional rights.

22. This unconstitutional behavior of officers is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violated the constitutional rights of persons situated such as the Plaintiff.

23. Defendant failed to take sufficient remedial actions to end this policy, pattern of practice, or custom within the City of West Melbourne and the West Melbourne Police Department. Defendant repeatedly and knowingly failed to discipline its police officers, including

Officers Hicks and LaRosa, with respect to violations of the laws of the state of Florida, the United States Constitution, and its own policies regarding unlawful use of force, assault, and battery, thereby creating a pattern, policy, practice, custom, or atmosphere where such a legal and unconstitutional behavior was and is tolerated, condoned, and accepted by Defendant in deliberate indifference and reckless disregard to the citizens of the state of Florida and Brevard County, including Plaintiff, Anthony Richard Ivey, Jr. The injuries suffered by Plaintiff were caused by the Defendant's failure to adequately monitor, evaluate, investigate, administer punishments for grievances, or otherwise respond to concerns raised to the City of West Melbourne with regard to the use/employment of unnecessary and excessive force in assaulting and battering citizens of Florida, including Plaintiff, Anthony Richard Ivey, Jr. The aforesaid injuries and violations suffered by Plaintiffs are a direct result of the Defendant's failure to train, supervise, or penalize such illegal and unconstitutional behavior.

24. The condoning of misconduct, and the failure to end this policy, pattern of practice, or custom was a proximate cause to the injuries suffered by Plaintiff.

25. As a direct and proximate result of the events described above, Plaintiff, Anthony Richard Ivey, Jr., has sustained physical injury to his body and extremities, resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, disability, scarring, disfigurement, expense of medical care and hospitalization, lost earnings, loss of earning capacity in the future, aggravation of previously existing conditions, and other damages permitted under 42 U.S.C. §1983, §1988, and §768.2, Florida Statutes.

**WHEREFORE**, plaintiff, Richard Ivey, Jr., demands judgment for compensatory damages, plus costs and attorney fees pursuant to 42 U.S.C. §1988, against Defendant, and demands trial by jury of all issues contained herein.

## COUNT II – CONSORTIUM
### (CITY OF WEST MELBOURNE)

Plaintiff, Chevonda Ivey, sues Defendant, City of West Melbourne, and alleges as follows:

26. Plaintiff, Chevonda Ivey, adopts and reallages the allegations contained in paragraphs 1 through 25, and incorporates same herein by reference.

27. At all times material hereto, Plaintiff, Chevonda Ivey, was and remains the legal wife of Plaintiff, Anthony Richard Ivey, Jr., and at all times material hereto resided with him as a member of his household.

28. As a proximate result of the aforementioned actions, omissions, and failures of Defendant, Plaintiff, Chevonda Ivey, has sustained the loss of her husband's consortium, companionship, society and services. These losses are continuing or permanent in nature and Plaintiff, Chevonda Ivey, will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, Chevonda Ivey, demands judgment for compensatory damages plus costs and attorney's fees pursuant to 42 U.S.C. §1988, against Defendant, and demands trial by jury of all issues contained herein.

## COUNT III – VIOLATION OF FOURTH AMENDMENT OF THE UNITED STATES CONSTITION – EXCESSIVE FORCE – 42 U.S.C. § 1983
### (OFFICER HICKS)

29. Plaintiff, Anthony Richard Ivey, Jr., reallages the allegations contained in paragraphs 1 through 15 and incorporates same herein by reference.

30. This cause of action is brought by Plaintiff, Anthony Richard Ivey, Jr., against Defendant, Officer Hicks, for the excessive use of force under color of law that deprived the plaintiff of his rights under the Fourth Amendment to the United States Constitution.

31. Without legal cause or justification Defendant, Officer Hicks, used excessive physical force against Plaintiff, which included but was not limited to, improperly tasing, striking, assaulting, battering, and restraining the plaintiff and/or failed to stop others from perpetrating

8

same conduct upon Plaintiff that was excessive, unnecessary, and unreasonable in violation of the Fourth Amendment to the United States Constitution. This Defendant, acting in concert with the other named Defendants, utilized excessive, unnecessary, and unreasonable force in violation of the Fourth Amendment to the United States Constitution causing injury to Plaintiff.

32. As a direct and proximate result of the events described above, Plaintiff, Anthony Richard Ivey, Jr., has sustained physical injury to his body and extremities, resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, disability, scarring, disfigurement, expense of medical care and hospitalization, lost earnings, loss of earning capacity in the future, and aggravation of a previously existing condition.

**WHEREFORE**, Plaintiff, Richard Ivey, Jr. demands judgment for compensatory damages, plus costs and attorney's fees, pursuant to 42 U.S.C. §1988, and demands trial by jury of all issues contained herein.

## COUNT IV – CONSORTIUM
## (OFFICER HICKS)

Plaintiff, Chevonda Ivey, sues Defendant, Officer Hicks, and alleges as follows:

33. Plaintiff, Chevonda Ivey, adopts and reallages the allegations contained in paragraphs 1 through 15, and 29 through 32, and incorporates same herein by reference.

34. At all times material hereto, Plaintiff, Chevonda Ivey, was and remains the legal wife of Plaintiff, Anthony Richard Ivey, Jr., and at all times material hereto resided with him as a member of his household.

35. As a proximate result of the aforementioned actions, omissions, and failures of defendant, Plaintiff, Chevonda Ivey, has sustained the loss of her husband's consortium, companionship, society and services. These losses are continuing or permanent in nature and Plaintiff, Chevonda Ivey, will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, Chevonda Ivey, demands judgment for compensatory damages plus costs and attorney's fees pursuant to 42 U.S.C. §1988 against Defendant, and demands trial by jury of all issues contained herein

## COUNT V – VIOLATION OF FOURTH AMENDMENT OF THE UNITED STATES CONSTITION – EXCESSIVE FORCE – 42 U.S.C. § 1983
## (OFFICER LAROSA)

36. Plaintiff, Anthony Richard Ivey, Jr., reallages the allegations contained in paragraphs 1 through 15 and incorporates same herein by reference.

37. This cause of action is brought by Plaintiff, Anthony Richard Ivey, Jr., against Defendant, Officer LaRosa, for the excessive use of force under color of law that deprived the plaintiff of his rights under the Fourth Amendment to the United States Constitution.

38. Without legal cause or justification Defendant, Officer LaRosa, used excessive physical force against Plaintiff, which included but was not limited to, improperly commanding and directing the K-9 unit/dogs to attack plaintiff, improperly tasing, striking, assaulting, battering, and restraining the Plaintiff and/or failed to stop others from perpetrating said conduct upon plaintiff that was excessive, unnecessary, and unreasonable in violation of the Fourth Amendment to the United States Constitution. This Defendant, acting in concert with the other named Defendants, utilized excessive, unnecessary, and unreasonable force in violation of the Fourth Amendment to the United States Constitution causing injury to Plaintiff.

39. As a direct and proximate result of the events described above, Plaintiff, Anthony Richard Ivey, Jr., has sustained physical injury to his body and extremities, resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, disability, scarring, disfigurement, expense of medical care and hospitalization, lost earnings, loss of earning capacity in the future, and aggravation of a previously existing condition.

**WHEREFORE**, plaintiff, Richard Ivey, Jr., demands judgment for compensatory damages, plus costs and attorney fees, pursuant to 42 U.S.C. §1988, and demands trial by jury of all issues contained herein.

### COUNT VI – CONSORTIUM
### (OFFICER LAROSA)

Plaintiff, Chevonda Ivey, sues Defendant, Officer LaRosa, and alleges as follows:

40. Plaintiff, Chevonda Ivey, adopts and reallages the allegations contained in paragraphs 1 through 15, and 36 through 39, and incorporates same herein by reference.

41. At all times material hereto, Plaintiff, Chevonda Ivey, was and remains the legal wife of Plaintiff, Anthony Richard Ivey, Jr., and at all times material hereto resided with him as a member of his household.

42. As a proximate result of the aforementioned actions, omissions, and failures of Defendant, Plaintiff, Chevonda Ivey, has sustained the loss of her husband's consortium, companionship, society and services. These losses are continuing or permanent in nature and Plaintiff, Chevonda Ivey, will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, Chevonda Ivey, demands judgment for compensatory damages plus costs and attorney fees pursuant to 42 U.S.C. §1988 against Defendant, and demands trial by jury of all issues contained herein.

### COUNT VII – STATE LAW CLAIM FOR USE OF EXCESSIVE FORCE/BATTERY AGAINST DEFENDANTS CITY OF WEST MELBOURNE, HICKS, AND LAROSA

43. Plaintiff, Anthony Richard Ivey, Jr., reallages the allegations contained in paragraphs 1 through 15 and incorporates same herein by reference. Plaintiff further realleges and incorporates paragraphs 18-23, 30-32, and 37-39 as if fully restated and repled herein.

11

44. This is a cause of action under the common law of the state of Florida for excessive use of force/civil battery. Such claims arise from a common nucleus of operative facts with violations of 42 U.S.C. §1983, as set forth and incorporated herein above.

45. The previously described conduct of Defendants Hicks and LaRosa was committed within the course and scope of their employment as law enforcement officers for the City of West Melbourne. The conduct of Defendants Hicks and LaRosa constituted an unlawful, harmful, and/or offensive contact upon the person of Plaintiff, Anthony Richard Ivey, Jr. Defendant CWM is responsible for the aforesaid excessive force/battery committed by Defendants Hicks and LaRosa upon the person of Plaintiff, Anthony Richard Ivey, Jr., in that the subject excessive force was committed within the course and scope of Defendants Hicks and LaRosa's employment as law enforcement officers with the City of West Melbourne such that the doctrine of respondeat superior applies to this action.

46. As a direct and proximate result of the events described above, Plaintiff, Anthony Richard Ivey, Jr., has sustained physical injury to his body and extremities, resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, disability, scarring, disfigurement, expense of medical care and hospitalization, lost earnings, loss of earning capacity in the future, psychological trauma, including mental anguish, freight, shock, anxiety, emotional distress, post-traumatic stress disorder, loss of capacity for the enjoyment of life, and the aggravation of a previously existing condition. These injuries and losses are permanent and continuing in nature and Plaintiff will continue to suffer these injuries and losses in the future.

WHEREFORE, Plaintiff, Anthony Richard Ivey, Jr., demands judgment for compensatory damages against Defendants and demands trial by jury of all issues contained herein.

## COUNT VIII – CONSORTIUM
## STATE LAW CLAIM FOR USE OF EXCESSIVE
## FORCE/BATTERY AGAINST DEFENDANTS CITY OF WEST MELBOURNE, HICKS AND LAROSA

Plaintiff, Chevonda Ivey, sues Defendants, CWM, William Hicks, and Joseph LaRosa, and alleges as follows:

47. Plaintiff, Chevonda Ivey, adopts and reallages the allegations contained in paragraphs 1 through 15, and 43 through 46, and incorporates same herein by reference.

48. At all times material hereto, Plaintiff, Chevonda Ivey, was and remains the legal wife of Plaintiff, Anthony Richard Ivey, Jr., and at all times material hereto resided with him as a member of his household.

49. As a proximate result of the aforementioned actions, omissions, and failures of defendant, Plaintiff, Chevonda Ivey, has sustained the loss of her husband's consortium, companionship, society and services. These losses are continuing or permanent in nature and Plaintiff, Chevonda Ivey, will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff, Chevonda Ivey., demands judgment for compensatory damages against Defendants and demands trial by jury of all issues contained herein

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

MEYERS & STANLEY

/s/ J. ALFRED STANLEY, JR.

J. Alfred Stanley, Jr.
Florida Bar No.: 0808024
1904 University Blvd., West
Jacksonville, Florida 32217
(904) 367-8747
(904) 367-0650 Facsimile
Attorneys for Plaintiff
Astanley@Astanleylaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to attorneys for defendants via the e-filing portal, this 3rd day of June, 2020.

MEYERS & STANLEY

/s/ J. ALFRED STANLEY, JR.

J. Alfred Stanley, Jr.
Florida Bar No.: 0808024
1904 University Blvd., West
Jacksonville, Florida 32217
(904) 367-8747
(904) 367-0650 Facsimile
Attorneys for Plaintiff
Astanley@Astanleylaw.com