UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY RICHARD IVEY, JR. and
CHEVONDA IVEY, his wife,

      Plaintiffs,

v.

CITY OF WEST MELBOURNE, a
political subdivision of the State of
Florida, WILLIAM HICKS, Individually,
and JOSEPH LAROSA, Individually,

      Defendants.

_____/

Case No. 6:20-cv-00287-RBD-LRH

**DEFENDANTS CITY OF WEST MELBOURNE, WILLIAM HICKS, AND
JOSEPH LaROSA'S MOTION TO STRIKE
COUNTS VII & VIII OF THE SECOND AMENDED COMPLAINT**

COME NOW, Defendants CITY OF WEST MELBOURNE ("CWM"),
WILLIAM HICKS, and JOSEPHA LaROSA (together, the "Officers"), and hereby
move to strike Count VII of the Second Amended Complaint (Doc. 42)[1] as filed
without leave of Court and in violation of the Case Management and Scheduling
Order (Doc. 25).

---

[1] The SAC was initially timely filed with an inadvertently missing page 2.  (Doc.
40.)  After informal discussion amongst counsel, Plaintiff refiled the SAC with all
pages, and we respond to that pleading nunc pro tunc to the initial one.

1

1.     Pertinent to the remaining defendants, the Amended Complaint alleged the following theories:

I.     § 1983 *Monell* liability against CWM;

II.    Consortium against CWM;

V.     § 1983 excessive force against Ofc. Hicks;

VI.    Consortium against Ofc. Hicks;

VII.   § 1983 excessive force against Ofc. LaRosa; and

VIII.  Consortium against Ofc. LaRosa.

(Doc. 29.)

2.     Notably, the Officers answered and filed affirmative defenses.  (Docs. 31, 32.)

3.     CWM moved to dismiss for failure to state a claim under § 1983, and that motion was granted.  (Doc. 39.)  The corresponding Order stated, "Plaintiffs may file an amended complaint correcting the deficiencies identified in this Order." (emphasis added).

4.     The Second Amended Complaint's attempt to remedy those deficiencies are subject to a separately filed motion to dismiss.  The remaining allegations against the Officers are unchanged.

5.     However, Plaintiffs apparently took the opportunity to add brand new theories under state law.  Count VII is styled "State Law Claim for Use of Excessive

Force/Battery" and is alleged against all three defendants generally.  Count VIII is a new consortium claim derivative of Count VII.

6.     The Case Management Order included a stipulated April 13, 2020 deadline to amend pleadings.  (Doc. 25 p.3.)  Plaintiffs did not seek leave to amend their causes of action against the Officers (or to add new theories against CWM), and the Order on CWM's motion to dismiss was limited to the *Monell* theory.  The Order did not provide a blanket avenue to add new causes of action that introduce a host of new legal issues that could have been properly addressed through motion practice at the start of the case.

7.     Counts VII & VIII should be stricken from the Second Amended Complaint accordingly.

WHEREFORE, Defendants CITY OF WEST MELBOURNE, WILLIAM HICKS, and JOSEPHA LaROSA hereby respectfully requests that Count VII & VIII of the Second Amended Complaint are stricken therefrom.

## <u>MEMORANDUM OF LAW</u>

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings before trial.  Rule 15(a)(2) provides that, if a case does not qualify under Rule 15(a)(1), "a party may amend its pleading <u>only</u> with the opposing party's written consent or the court's leave."  Plaintiffs here have obtained neither.

Defendants have already incurred the time and expense of responding to three iterations of the complaint.  The motion practice has been focused on federal § 1983 issues and questions related to Mrs. Ivey's ability to maintain a consortium claim alongside Mr. Ivey's substantive claim.  No other matters of state law have been addressed.

To be sure, adding a new vicarious theory against CWM based on the Officers' alleged intentional torts opens a new can of worms implicating substantive tort law, agency, and statutory immunities.  *See generally* § 768.28, Fla. Stat. (Florida's limited waiver of sovereign immunity for certain torts).  Plaintiffs have also lumped the three theories into a single count, just as they impermissibly did in the first complaint.  Worse, Plaintiffs did not seek required Court permission to add the new causes of action; they simply tacked them on to a Second Amended Complaint that was expressly limited to "correcting the deficiencies identified" in their dismissed § 1983 *Monell* claims against CWM <u>only</u>.

Indeed, a motion for leave to amend to add a theory that plainly could have been stated in the earlier complaints would be untimely under the stipulated Case Management Order.  The analysis might be different if the new causes of action resulted from some revelation in discovery.  That is not the case.

Counts VII and VIII are therefore untimely and unauthorized by Rule 15. Defendants should not be obligated to respond to theories that could and should have

4

been raised long ago, and the new state law theories should be stricken from the Second Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the CM/ECF system on this **17th** day of June, 2020, to:  J. Alfred Stanley, Jr., Esq., Meyers and Stanley, 1904 University Boulevard West, Jacksonville, FL 32217,  astanley@astanleylaw.com.

*/s/ Derek J. Angell*
Derek J. Angell, Esq.
Florida Bar No.:  73449
Bell & Roper, P.A.
2707 E. Jefferson Street
Orlando, FL  32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary:  dangell@bellroperlaw.com
Secondary:  ndeeb@bellroperlaw.com
*Attorney for City of West Melbourne*

5