# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANTHONY RICHARD IVEY, JR.** and
**CHEVONDA IVEY,**

        **Plaintiffs,**

v.                                                                          Case No:   6:20-cv-287-Orl-37LRH

**CITY OF WEST MELBOURNE,**
**WILLIAM HICKS and JOSEPH**
**LAROSA,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS CITY OF WEST MELBOURNE, WILLIAM HICKS, AND JOSEPH LaROSA'S AMENDED MOTION TO STRIKE COUNTS VII & VIII OF THE SECOND AMENDED COMPLAINT (Doc. No. 48)**
>
> **FILED:** **June 19, 2020**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.   BACKGROUND.

On January 30, 2020, Plaintiffs Anthony Richard Ivey, Jr. and Chevonda Ivey instituted this action in state court. Doc. No. 1-1. The matter was removed to this Court on February 19, 2020. Doc. No. 1. On April 9, 2020, Plaintiffs filed an amended complaint against Defendants the City of West Melbourne ("the City"); Wayne Ivey ("the Sheriff"); William Hicks; and Joseph LaRosa

("the Officers"). Doc. No. 29. In the amended complaint, Plaintiff Anthony Richard Ivey, Jr. alleged claims under 42 U.S.C. § 1983 against the City and the Sheriff for failure to properly train law enforcement officers. *Id.* (Counts I & III). Mr. Ivey also alleged § 1983 claims of excessive force against the Officers. *Id.* (Counts V & VII). Plaintiff Chevonda Ivey alleged derivative loss of consortium claims against each of the named Defendants. *Id.* (Counts II, IV, VI & VIII).

The City and the Sheriff both filed motions to dismiss the amended complaint for failure to state a claim. Doc. Nos. 30, 31. The Officers answered the amended complaint and filed affirmative defenses. Doc. Nos. 32, 33. On May 26, 2020, the Court granted in part and denied in part the motions to dismiss, finding that Plaintiffs had not sufficiently alleged failure to train claims against the City or the Sheriff, and based on that failure, the loss of consortium claims also failed. Doc. No. 39. Therefore, the Court dismissed without prejudice counts I through IV of the amended complaint. *Id.* at 5. The Court ordered that "Plaintiffs may file an amended complaint correcting the deficiencies in this Order." *Id.*

Plaintiffs thereafter filed a second amended complaint, which includes only the City and the Officers as named Defendants and removes the Sheriff as a Defendant. Doc. No. 42; *see also* Doc. No. 41.[1] Mr. Ivey again alleges a § 1983 failure to train claim against the City (Count I) and § 1983 excessive force claims against the Officers (Counts III & V). Mrs. Ivey again alleges derivative loss of consortium claims against each Defendant (Counts II, IV, VI). In addition, Mr. Ivey has now added a new "state law claim for use of excessive force/battery" against each Defendant (Count VII), and Mrs. Ivey has added a new derivative consortium claim based on the state law excessive force claim (Count VIII). *Id.* at 11, 13.

---

[1] Plaintiffs initially filed the second amended complaint at Doc. No. 40, but that document was apparently missing page 2, and therefore Plaintiffs refiled the second amended complaint at Doc. No. 42. *See* Doc. Nos. 40, 42, and 43, at 1 n.1.

The City has filed a motion to dismiss the second amended complaint, which remains pending before the presiding District Judge. Doc. No. 43. The Officers have filed answers to the amended complaint. Doc. Nos. 44, 45. Collectively, the remaining Defendants (hereinafter, "Defendants") have also filed a motion to strike Counts VII and VIII of the amended complaint, arguing that these two claims are untimely and unauthorized. Doc. No. 48.[2] Plaintiffs have timely responded in opposition to the motion to strike. Doc. No. 52.

The motion to strike was referred to the undersigned, and the matter is ripe for review.

## II. STANDARDS OF REVIEW.

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings before trial. As pertinent to this case, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, when, as here, the deadline for motions to amend pleadings has passed (*see* Doc. No. 25), the movant must demonstrate good cause for the belated amendment, which "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citations and internal quotation marks omitted).

Federal Rule of Civil Procedure 12(f) provides that the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "[a] motion to strike is a drastic remedy . . . which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citations omitted). "A 'court will not exercise its discretion under the rule to strike a pleading unless the

---

[2] On June 17, 2020, Defendants filed an initial motion to strike, but that motion was denied without prejudice for failure to comply with Local Rule 3.01(g). Doc. Nos. 46, 47. The undersigned permitted Defendants through June 26, 2020 to renew the motion. Doc. No. 47. Defendants filed their renewed motion on June 19, 2020, and it is therefore timely. Doc. No. 48.

matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

**III.   ANALYSIS.**

Defendants argue that Plaintiffs' addition of Counts VII and VIII to the second amended complaint following the Order on the motions to dismiss is both untimely and unauthorized. Doc. No. 48, at 4. Defendants contend that the deadline to amend pleadings as set forth in the Case Management and Scheduling Order ("CMSO") has elapsed, the Court's Order permitting amendment of the complaint "did not provide a blanket avenue to add new causes of action that introduce a host of new legal issues," and that "adding a new vicarious theory against [the City] based on the Officers' alleged intentional torts opens a new can of worms implicating substantive tort law, agency, and statutory immunities." *Id.* at 3–4. Therefore, Defendants ask the Court to strike Counts VII and VIII from the second amended complaint. *Id.* at 4–5.

In response, Plaintiffs assert that the "second amended complaint seeks to address and satisfy the Court's Order regarding the proper presentation of [P]laintiffs' claims and remedies herein." Doc. No. 52, at 2. Plaintiffs claim that Counts VII and VIII "simply allege state law claims arising out of the same incident and body of underlying facts giving rise to the instant action." *Id.* at 1. Plaintiffs also argue that the City will suffer no prejudice by including Counts VII and VIII in the second amended complaint because those claims "arise from the identical conduct and underlying facts common to all counts." *Id.* at 2.

Besides passing reference to Federal Rule of Civil Procedure 15, neither party cites any legal authority in support of their respective position. Doc. Nos. 48, 52. On review, however, Plaintiffs' addition of Counts VII and VIII to the second amended complaint appears to exceed the scope of

the Court's Order permitting Plaintiffs to file an amended complaint, and I therefore respectfully recommend that Counts VII and VIII of the second amended complaint be stricken.

As an initial matter, Defendants are correct that the deadline for amending pleadings as set forth in the CMSO has expired. *See* Doc. No. 25, at 3 (setting deadline for filing motions to amend pleadings as April 13, 2020). Here, Plaintiffs have not sought leave of Court to file an amended complaint containing new causes of action, much less satisfied the good cause standard set forth in Federal Rule of Civil Procedure 16. *See* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order may only be modified for good cause and with the judge's consent). On this basis alone, the motion to strike is due to be granted.

Insofar as the Court permitted Plaintiffs to file an amended complaint based on the Order granting in part the motions to dismiss (Doc. No. 116), that Order does not appear as broad as Plaintiffs read it. In particular, the presiding District Judge dismissed without prejudice Counts I through IV of the amended complaint, which solely related to § 1983 failure to train and derivative loss of consortium claims against the City and the Sheriff. *Id.* at 5. The Court permitted Plaintiffs to file "an amended complaint correcting the deficiencies identified in this Order." *Id.* In other words, Plaintiffs were afforded an opportunity to properly plead their § 1983 claims. Plaintiffs addition of *new* claims based on *state law* against *different* parties (*i.e.*, the Officers) does not comply with the directive to correct the deficiencies identified by the Court in the Order on the motions to dismiss. *Cf. Martins v. Royal Caribbean Cruises, Ltd*., No. 15-21124-CIV, 2018 WL 8654288, at \*4 (S.D. Fla. July 24, 2018) (dismissing in part amended complaint that added claims against new defendants in violation of court order). Accordingly, I recommend that Counts VII and VIII be stricken from the second amended complaint. *See, e.g.*, *Hill v. Allianz Life Ins. Co. of N. Am*., No. 6:14-cv-950-Orl-41KRS, 2015 WL 12838838, at \*4 (M.D. Fla. June 17, 2015) (striking amended

complaint because it asserted claims that exceeded the scope of the court's order permitting amendment).

Of course, Plaintiffs would not be precluded from seeking leave of Court to file an amended complaint asserting new causes of action upon proper motion and on establishing good cause to permit the belated amendment. *See* Doc. No. 25, at 3; Fed. R. Civ. P. 16(b)(4).

## IV.  RECOMMENDATION.

For the reasons stated herein, it is **RESPECTFULLY RECOMMENDED** that the Court **GRANT** Defendants' Amended Motion to Strike Counts VII & VIII of the Second Amended Complaint (Doc. No. 48) and **STRIKE** Counts VII and VIII from the second amended complaint (Doc. No. 42).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 14, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record